UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**TERENCE J. ALOST, MD**                                              **CIVIL ACTION NO.**

**VERSUS**

**ELISABETH PICCIOLA**                                                **23-1700-JWD-EWD**
**VANDENLANGENBERG, MD, ET AL.**

## ORDER

On December 29, 2023, Terence J. Alost ("Plaintiff"), who is representing himself, filed this action against Elisabeth Picciola VanDenLangenberg ("VanDenLangenberg"); Samuel "Calvin" Thigpen; and The University of Mississippi Internal Medicine Residency Program (collectively "Defendants"). The Complaint alleges state law claims of defamation,[1] and premises federal subject matter jurisdiction on diversity of citizenship under 28 U.S.C. § 1332.[2] While the Complaint explicitly states that Plaintiff's damages "far exceed" $75,000,[3] the citizenship of the parties has not been adequately alleged. Specifically, the Complaint only alleges Plaintiff's Louisiana residency, and Defendants' respective Mississippi residencies, which is insufficient to establish the parties' citizenships.[4] Construing the Complaint broadly in light of Plaintiff's *pro se* status, it is possible that the parties may be of diverse citizenship based on Plaintiff's potential Louisiana domicile and Defendants' potential Mississippi domiciles, considering their alleged

---

[1] *See, e.g.,* R. Doc. 1, pp. 1-3, 6.

[2] R. Doc. 1, pp. 5-6. The Complaint vaguely suggests that another basis for jurisdiction may exist because the alleged incident occurred in "a federal healthcare facility," but cites to no federal law giving rise to federal jurisdiction under that circumstance, or because "it may be discovered that federally employed physicians…actively took part in the defamation" but the Complaint currently does not name any federal employees as defendants. R. Doc. 1, p. 6.

[3] R. Doc. 1, pp. 5-6. Plaintiff also specifically states that he is seeking 1-5 years of salary for specialists in emergency medicine, between $400,000 to $2 million, as well as punitive damages. R. Doc. 1, p. 20.

[4] R. Doc. 1, pp. 3-5. "[A]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313-14 (5th Cir. 2019) (citations omitted). While the Fifth Circuit has noted that "the place of residence is prima facie the domicile," *id.,* it has clearly held that "[c]itizenship requires not only '[r]esidence in fact' *but also* 'the purpose to make the place of residence one's home,'" and therefore residency allegations, standing alone, do not satisfy the requirement of an allegation of citizenship. *Id.*

Mississippi addresses and working location, but federal diversity jurisdiction has not been established.[5]

The Complaint specifically alleges that VanDenLangenberg placed the alleged defamatory statements about Plaintiff in a patient's medical chart at the G.V. Sonny Montgomery Department of Veterans Affairs Medical Center, which is located at 1500 E. Woodrow Wilson Ave, Jackson, Mississippi, 39216.[6] Under the provisions of 28 U.S.C. §§ 1404(a)[7] and 1406(a),[8] a district court may, in the interest of justice and for the convenience of the parties, transfer a claim to a court of proper venue. Because the alleged defamatory incident occurred at a medical center in Jackson, Mississippi, the Defendants are alleged to be located/work in Jackson, Mississippi, and the evidence and witnesses are likely to be located in Jackson, Mississippi,[9] it is proper, for the convenience of the parties and in the interest of justice, to transfer this action to the U.S. District Court for the Southern District of Mississippi, the district encompassing Jackson, Mississippi,[10] which can then determine subject matter jurisdiction.

---

[5] *Coleman v. United States,* 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are 'to be liberally construed,' ... And 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]' *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[6] R. Doc. 1, pp. 16-18.

[7] 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

[8] 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

[9] For example, Plaintiff also complains that VanDenLangenberg's actions violated the Jackson VAMC Bylaws and attaches excerpts from those Bylaws to the Complaint. R. Doc. 1, p. 7 and pp. 22-28.  *See also, Block v. Barnes*, No. 22-869, 2023 WL 4582396 (W.D. Tex. July 18, 2023) (upholding magistrate judge determination that venue was improper in Austin, Texas, notwithstanding the plaintiff's claim that the alleged injury from the defamation took place in Austin, and dismissing the case without prejudice to refiling in a court of proper venue).

[10] While Plaintiff alleges that venue in this Court is permissible because he is a resident in this district and because the medical record containing the alleged defamatory statements *can* be accessed by any Veteran's Administration Medical Center in any federal district, including the ones in this judicial district (R. Doc. 1, p. 6), there is no specific allegation that the medical record at issue *was* accessed by a VAMC facility in this district.  Even if such an allegation were made, that tangential consideration is outweighed by the convenience to the parties and witnesses of litigating this action in the U.S. District Court for the Southern District of Mississippi because that is the district encompassing the place where the alleged incident occurred, and where most witnesses and evidence likely exist.  Plaintiff's other allegations in support of venue in this district are speculative.  *Id.* and p. 7.

Accordingly,

**IT IS ORDERED** that this case is **TRANSFERRED** to the U.S. District Court for the Southern District of Mississippi on the Court's own motion.[11]

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order to Terence J. Alost, MD at his address listed on PACER, 2722 Windrush Way, Baton Rouge, LA 70809, via regular mail and certified mail, return receipt requested.

Signed in Baton Rouge, Louisiana, on January 19, 2024.

        **ERIN WILDER-DOOMES**
        **UNITED STATES MAGISTRATE JUDGE**

---

[11] A court may transfer venue *sua sponte*. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).